THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROMET AG,<br><br>Plaintiff,<br><br>v.<br><br>CELL THERAPEUTICS, INC.,<br><br>Defendant. | NO. CV04-0290 RSM<br><br>**PLAINTIFF MICROMET AG'S MOTION TO COMPEL DISCOVERY**<br><br>Note on Motion Calendar:<br>Friday, November 18, 2005 |

## I. INTRODUCTION

Plaintiff Micromet AG ("Micromet") moves to compel the production of documents relevant to the claims and defenses in this action, as well as information concerning the search terms and search methodology used by defendant Cell Therapeutics, Inc. ("CTI") in responding to Micromet's discovery requests. It appears that CTI has failed to produce all documents responsive to a number of Micromet's requests, including the following categories of highly relevant documents: (1) communications internal to CTI, communications internal to CTI's predecessor, Novuspharma S.p.A. ("Novuspharma"), and communications between CTI and Novuspharma concerning Micromet or MT 201; and (2) communications between CTI or Novuspharma and outside consultants concerning Micromet or MT 201. In addition, Micromet has requested that CTI identify the search terms and search methodology it used in responding to



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Micromet's document requests to assess the reasonableness of CTI's discovery efforts, but CTI has refused to produce such information.

CTI's failure to produce the above-described documents is hindering Micromet's ability to engage in additional discovery and is prejudicing Micromet's ability to prosecute its claims. Micromet seeks an order from the Court: (1) compelling CTI to produce the documents described above within two weeks of the Court granting this Motion; and (2) compelling CTI to identify the search terms and search methodology it used in responding to Micromet's document requests within one week of the Court granting this Motion.

## II. BACKGROUND

### A. The Collaboration Agreement and the CTI-Novuspharma Merger.

This case arises out of an August 2002 Collaboration Agreement between Micromet and CTI's predecessor, Novuspharma. (*See* Declaration of Brian Chandler ("Chandler Decl."), page 6 at ¶ 6.)[1] Under the Collaboration Agreement, Micromet and Novuspharma agreed to collaborate in the development and commercialization of an anti-cancer human antibody known as MT 201. (*Id.*) The Collaboration Agreement provided that Novuspharma would make certain payments to Micromet during the MT 201 development process and that the parties would share in the profits generated by the ultimate commercialization of MT 201. (*Id.*, pages 6-7 at ¶¶ 8-9.)

In June 2003, while the collaboration process was underway, CTI agreed to merge with Novuspharma. Those parties ultimately consummated their merger in January 2004, leaving CTI as the surviving entity. (*Id.*, pages 8-9 at ¶¶ 15, 17.) In the summer and fall 2003, after the announcement of the CTI-Novuspharma merger, Novuspharma for the first time started raising objections to Micromet's management of the development process for MT 201. (*Id.*, page 9 at ¶ 18.) Eventually, Novuspharma, and later CTI, failed to make certain payments due under the Collaboration Agreement. (*Id.*, pages 9-10 at ¶¶ 21-22.)

[1] All documents cited to herein are attached to the Declaration of Brian Chandler, submitted herewith.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

CTI contends that Novuspharma's failure to make payments is justified by Micromet's discovery in autumn 2003 that the relevance of Micromet's animal studies regarding any toxic propensities of MT 201 was not reliable. (*Id.*, page 24 at ¶ 42.) Even though Novuspharma had access to information regarding all aspects of MT 201, including the toxicology studies, even though Novuspharma had thoroughly investigated the project with the assistance of in-house experts and outside consultants before entering into the Collaboration Agreement, and even though MT 201 had been administered to Phase I clinical trials by the time of Micromet's 2003 discovery regarding the animal studies, CTI now contends that it was defrauded into signing that agreement and seeks the return of several million Euros it paid under that agreement. (*Id.*, page 25 at ¶ 45.)

**B. Micromet's Discovery Requests and CTI's Insufficient Responses.**

On July 1, 2004, Micromet served its First Set of Requests for Production of Documents and Tangible Things on CTI. (*Id.*, pages 39-48.) CTI served its responses, containing numerous general objections, on August 2, 2004. (*Id.*, pages 49-64.) After several letters dealing with these objections, the parties held a meet-and-confer on March 17, 2005. (*Id.*, page 1 at ¶ 3.) After Micromet agreed to substitute the word "concern" in lieu of "relate," CTI agreed to produce all documents responsive to Micromet's requests. (*Id.*, pages 1-2 at ¶ 3; *see also id.*, pages 65-67.) The parties also agreed to complete their document production by July 31, 2005. (*Id.*, page 2 at ¶ 3.)

Despite this agreement, and after nearly sixteen months of the parties producing documents, it appears that CTI still has not produced a variety of documents responsive to Micromet's discovery requests. For example, Micromet requested that CTI produce the following: (1) All documents concerning Micromet – Request No. 5; (2) CTI's and Novuspharma's communications with any consultants in connection with MT 201 – Request No. 8; (3) internal CTI and Novuspharma communications concerning Micromet, the Collaboration Agreement, or MT 201 – Request No. 19; and (4) communications with any third party about



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Micromet, the Collaboration Agreement, or MT 201 – Request No. 21. (*Id.*, pages 43-44.) Surprisingly, however, CTI's document production is nearly devoid of responsive documents, including internal Novuspharma or CTI communications concerning Micromet, the Collaboration Agreement, or MT 201. In addition, CTI has produced few, if any, documents addressing how CTI and Novuspharma planned to deal with, or actually dealt with, MT 201 or the Collaboration Agreement subsequent to their merger, or why CTI and Novuspharma decided to stop making the payments to Micromet required under the Collaboration Agreement. (*Id.*, page 2 at ¶ 4.) CTI also has produced few documents relating to communications between Novuspharma and its consultants during the due diligence investigation in 2001 and 2002. (*Id.*)

### C. Counsel Have Conferred, but Are Unable to Resolve These Issues.

Counsel for the parties have exchanged correspondence and conferred pursuant to Civil Rule 37 in effort to resolve their dispute over CTI's inadequate discovery responses, but were unable to do so. (*Id.*, page 2 at ¶ 5.) In addition, CTI refuses at this time to certify that no further responsive documents exist. (*Id.*) CTI also refuses to disclose to Micromet its document search criteria, which would allow Micromet – and the Court – to assess the reasonableness of CTI's efforts to locate and produce responsive and relevant documents. (*Id.*, page 2 at ¶ 6.)

## III. ARGUMENT

### A. The Documents at Issue Are Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Pursuant to Civil Rule 34, parties to a lawsuit may serve requests upon one another seeking documents that constitute or contain any matter within the scope of Civil Rule 26(b). FRCP 34(a). Civil Rule 26(b) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). Civil Rule 34, like other discovery rules, is to be liberally construed. *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961). All



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

of the discovery requests addressed in this Motion seek information that is discoverable and reasonably calculated to lead to the discovery of admissible evidence, and CTI's responses are deficient. Accordingly, the Court should grant this Motion.

**B. The Court Should Compel CTI to Produce All (a) Internal CTI Documents, (b) Internal Novuspharma Documents, and (c) Documents Between Those Companies Relating to Communications About Micromet and/or MT 201.**

There is no justification for CTI's failure to produce all documents responsive to Request Nos. 5 and 19. Among other things, these requests seek (1) internal communications at CTI, (2) internal communications at Novuspharma, and (3) communications between CTI and Novuspharma concerning Micromet, the Collaboration Agreement, MT 201, or a claim or defense of any party to this case. (*Id.*, pages 43-44.) Such documents are plainly relevant to the parties' claims and defenses in this case. Novuspharma did not raise serious objections to Micromet's management of the MT 201 process and did not miss any payments under the Collaboration Agreement until after CTI and Novuspharma had agreed to merge. Thus, it is likely that internal CTI communications and communications between CTI and Novuspharma would reflect CTI's decisions relating to the Collaboration Agreement and why and how CTI determined to breach that agreement and sever its ties with Micromet. Since MT 201 was one of only a few products under development by Novuspharma in 2003, it is a near certainty that such documents constituting or referring to such communications exist.

While CTI agreed to produce all documents responsive to Request Nos. 5 and 19, CTI's production is nearly devoid of internal CTI communications concerning Micromet, the Collaboration Agreement, or MT 201. (*Id.*, page 2 at ¶ 4.) Very few, if any, of the documents produced by CTI relate to how CTI and Novuspharma planned to deal with, or actually dealt with, MT 201 or the Collaboration Agreement in their merger or why CTI and Novuspharma stopped making the payments it was obligated to make to Micromet under the Collaboration Agreement. (*Id.*) As these documents go to the core of the parties' claims and defenses in this action, CTI's failure to adequately search for and/or produce these documents to Micromet



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

significantly prejudices Micromet's ability to engage in additional discovery and to prosecute its claims and defend against CTI's claims. (*Id.*, page 2 at ¶ 7.) Accordingly, the Court should compel CTI to produce all documents responsive to Request Nos. 5 and 19, or, in the alternative, certify that there are no such additional documents.

### C. The Court Should Compel CTI To Produce Any Documents Between Novuspharma or CTI and Their Consultants Relating to the Collaboration Agreement and/or MT 201 that Have Not Yet Been Produced.

Similarly, there is no justification for CTI's apparent failure to produce all documents responsive to Request Nos. 8 and 21. Request No. 8 seeks documents that were prepared by, or were exchanged with, any CTI or Novuspharma consultants retained in connection with Micromet or MT 201, including consultants involved in Novuspharma's due diligence investigation prior to entering into the Collaboration Agreement. (*Id.*, page 43.) Request No. 21 seeks communications between CTI or Novuspharma and any third party that concerns Micromet, the Collaboration Agreement, MT 201, or a claim or defense of any party to this case. (*Id.*, page 44.) These documents are relevant to, among other things, CTI's defenses and claims alleging fraud in connection with the Collaboration Agreement.

Pursuant to Request Nos. 8 and 21, CTI should have produced: (1) all documents prepared by or exchanged with Mario Colombo and Peter Amlot, two consultants Novuspharma hired to conduct its due diligence prior to signing the Collaboration Agreement; and (2) all communications between CTI or Novuspharma and Mr. Colombo, Mr. Amlot, and any other outside consultants concerning Micromet, the Collaboration Agreement, MT 201, or any claim or defense of any party to this case. While it is likely that Novuspharma's outside consultants, including Mr. Colombo and Mr. Amlot, produced a significant quantity of documents related to Micromet and MT 201, CTI has produced few documents between any consultants and Novuspharma or CTI. (*Id.*, page 2 at ¶ 4.) The dearth of such documents is inexplicable in light of CTI's representations that Novuspharma and its consultants conducted significant due



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

diligence on MT 201. (*See, e.g.*, *id.*, page 26 at ¶ 51.) The Court should compel CTI to produce all documents responsive to Request Nos. 8 and 21, or, in the alternative, certify that there are no such additional documents.

**D. At a Minimum, the Court Should Compel CTI to Disclose Its Search Methodology so that Micromet and the Court Can Assess Whether CTI's Production Is Adequate.**

CTI has refused to (1) certify that there are no further responsive documents exist, and (2) disclose its search methodology employed in responding to Micromet's discovery requests. (*Id.*, page 2 at ¶¶ 5-6.) As a result, Micromet is left guessing as to the adequacy and completion of CTI's document production. CTI's conduct does not comport with its obligations under the Civil Rules and should not be countenanced by the Court.

It goes without saying that CTI has a duty to make a good faith and reasonable effort to search for and produce all non-privileged documents that are responsive to Micromet's document requests. To ensure CTI's compliance with this duty, the Court should compel CTI to produce the search methodology it used in searching for responsive documents. Absent this disclosure, it is impossible for either Micromet or the Court to assess whether CTI has conducted a good faith effort to locate and produce documents responsive to Micromet's requests or whether, as is likely the case, CTI has failed to meet its discovery obligations. Accordingly, the Court should, at a minimum, compel CTI to produce its search methodology.

## IV. CONCLUSION

For the foregoing reasons, Micromet respectfully requests that the Court grant this Motion and enter an order requiring CTI to produce: (1) all documents responsive to Request Nos. 5, 8, 19 and 21; and (2) CTI's search methodology, including any electronic search terms, employed in responding to Micromet's discovery requests. A proposed order is submitted herewith.

DATED: November 3, 2005.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**PERKINS COIE LLP**

By ______________________________________

Harry H. Schneider, Jr., WSBA #09404
Brendyn P. Ryan, WSBA #30855
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8508
Fax: 206-359-9000
E-mail: hschneider@perkinscoie.com
Attorneys for Micromet AG

**Of Counsel:**

**COOLEY GODWARD LLP**
Robert R. Vieth, *pro hac vice*
Craig A. Guthery, *pro hac vice*
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5601
Telephone: 703-456-8000
Fax: 703-456-8100
E-mail: rvieth@cooley.com
Counsel for Micromet AG

## CERTIFICATE OF SERVICE

On November 3, 2005, I caused to be served upon counsel of record, at the address(es) stated below, via the method of service indicated, a true and correct copy of (1) Plaintiff Micromet AG'S Motion to Compel Discovery (2) [Proposed] Order Granting Plaintiff Micromet AG's Motion to Compel Discovery and (3) Declaration of Brian Chandler.

**VIA ELECTRONIC NOTIFICATION**

Randall P. Beighle
beighler@lanepowell.com

James A. DiBoise
jdiboise@wsgr.com

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, November 3, 2005.

**PERKINS COIE LLP**

By ________________________________________

Harry H. Schneider, Jr., WSBA #09404
Brendyn P. Ryan, WSBA #30855
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8508
Fax: 206-359-9000
E-mail: bryan@perkinscoie.com
Attorneys for Micromet AG