UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROMET AG,

    Plaintiff,

v.

CELL THERAPEUTICS, INC.,

    Defendant.

Case No.  CV04-0290RSM

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY

This matter comes before the Court on plaintiff's Motion to Compel Discovery.  (Dkt. # 44). Plaintiff requests that the Court compel defendant to (1) produce documents responsive to plaintiff's Requests for Production Numbers 5, 8, 19, and 21; and (2) identify the search terms and search methodology used in responding to such requests.  (Dkt. #44).

The basis of the motion appears to be that plaintiff did not receive the volume of responsive materials that it expected.  (Dkt. #44 at 4).  Plaintiff does not identify specific documents that defendant is improperly withholding, but instead expresses a concern that defendant's search was inadequate.  (Dkt. #44 at 5).  Plaintiff further asserts that defendant refuses to certify that no additional responsive documents exist.  (Dkt. #44 at 7).  However, defendant has stated it will certify that it has produced all responsive documents with the exception of those withheld as privileged.  (Dkt. #45, Ex. E).

Notably, it appears that the parties arranged to exchange privilege logs on November 28, 2005, and at that time, defendant would produce any remaining responsive non-privileged documents.  (Dkt.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY- 1

#46 at 4). Because this motion to compel was noted for November 18, 2005, it is hardly surprising that defendant had not yet certified that all such documents had already been disclosed. In fact, because plaintiff did not wait until the agreed-upon exchange, this motion appears to be premature.

A party seeking to compel discovery must include in the motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). This "meet-and-confer" requirement mandates that the parties not only meet face-to-face or by telephone, but also "make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

Here, the parties claim to have conducted two telephonic meet-and-confers at which they discussed, among other things, the exchange of privilege logs. (Dkt. #46 at 4). However, because as of the noting date for this motion, the parties had not yet exchanged privilege logs, the Court finds they are still engaged in the process of resolving their disputes and a motion to compel is premature. *See Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (D.N.Y. 1997) (finding lack of good faith in effort to solve differences without judicial intervention when moving party filed motion to compel before discovery responses were due).

This Court expects all parties to fully comply with their obligations under Fed. R. Civ. Proc. 26 and 34. The Court agrees that plaintiff is entitled to an appropriate search for documents by defendant. *See Association of Am. Physicians & Surgeons v. Clinton*, 837 F. Supp. 454, 458 (D.D.C. 1993). While an affidavit from defendant disclosing its search terms may lay to rest any suspicions that its searches have been less than required to meet its discovery obligations, the Court finds that the parties are still engaged in the process of solving their differences, and therefore, it need not decide at this point whether to compel disclosure of such a document.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY- 2

1   Accordingly, the Court, having considered the briefs filed in support of and in opposition to the
2   motion, and the remainder of the record, hereby ORDERS:
3   1) Plaintiff's motion to compel (Dkt. #44) is DENIED.  However, nothing in this order prevents
4   the parties from renewing the motion after the parties have conferred in a good faith effort to resolve the
5   dispute without Court intervention.
6   2)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 13 day of December 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY- 3