UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICROMET AG,<br><br>Plaintiff,<br><br>v.<br><br>CELL THERAPEUTICS, INC.,<br><br>Defendant. | ) | CASE NO. C04-0290RSM<br><br>ORDER GRANTING IN PART MOTION TO COMPEL |

This matter comes before the Court on plaintiff's Sealed Renewed Motion to Compel Discovery. (Dkt. #55). Plaintiff requests this Court to Order defendant to produce two categories of information. First, plaintiff asks the Court to compel defendant to identify the methods it used to collect documents, including any electronic search terms and the databases in which defendant searched using those terms. Second, plaintiff asks the Court to Order defendant to produce all documents responsive to its second set of document requests, as narrowed during the parties' recent meet-and-confers.

Defendant argues in response that plaintiff's first request necessarily implicates work product that is either privileged under the attorney-client privilege, or is privileged under the work product doctrine or opinion work product doctrine, and therefore, it should not be compelled to produce such information. Defendant also argues that plaintiff's second request has already been resolved, as

defendant has agreed to produce the requested documents. Defendant has also filed a request to strike certain information and evidence provided in plaintiff's Reply brief in support if its motion. (Dkts. #58 and #64).

The Court has reviewed plaintiff's motion, defendant's response, plaintiff's reply, defendant's sur-reply and the remainder of the record. Accordingly, the Court does hereby find and ORDER:

(1) Plaintiff's Motion to Compel Discovery (Dkt. #55) is GRANTED IN PART and DENIED IN PART as follows:

a. Plaintiff's Motion to Compel defendant to produce all documents responsive to plaintiff's second set of document requests is DENIED AS MOOT. It appears from the briefing that this issue has since been resolved by the parties, and defendant has agreed to the production. As for plaintiff's request that this Court order production of those materials by a specific date, that request is also DENIED. It appears that the parties did not discuss that issue during any meet-and-confers prior to plaintiff making such a request for the first time in its Reply. Furthermore, it appears that plaintiff has been accepting production of documents from defendant on a rolling basis thus far. Accordingly, the Court finds plaintiff's request for a specific date of production improper at this point and time.

b. Plaintiff's Motion to Compel defendant to identify the methods it used to collect its documents produced so far during discovery is GRANTED to a limited extent. Rule 26 of the Federal Rules of Civil Procedure allow a party to obtain discovery about any matter, as long as it is not privileged and it is relevant to the claim of any party. Fed. R. Civ. P. 26(b)(1). Specifically, the Rule allows a party to obtain discovery regarding the existence, description, nature custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *Id.* Plaintiff asks the Court to compel defendant to identify the methods it used to collect documents, including any electronic search terms and the databases in which defendant searched. Plaintiff also asks that defendant include the names of the

employees whose documents were stored on those databases.

As this Court has stated previously, it agrees that plaintiff is entitled to an appropriate search for documents by defendant. *See Association of Am. Physicians & Surgeons v. Clinton*, 837 F. Supp. 454, 458 (D.D.C. 1993). However, plaintiff is not entitled to privileged work product, and the Court finds that plaintiff has provided no substantial need for such privileged work product in this case.

With that in mind, the Court also notes the following: federal courts have often determined that even in a case involving exclusively hard copy documents, there is no obligation on the part of a responding party to examine every piece of paper in its potentially voluminous files in order to comply with its discovery obligations. Rather, a responding party is obligated to conduct a diligent search, which implicitly involves developing a reasonably comprehensive search strategy. Such a strategy might, for example, include identifying key employees and reviewing any of their files that are likely to be relevant to the claims in the litigation. *See, e.g.*, *General Electric Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003); *McPeek v. Ashcroft*, 202 F.R.D. 31, 32-33 (D.D.C. 2001) (explaining that "[i]n a traditional 'paper' case, the producing party searches where she thinks appropriate for the documents requested under Fed. R. Civ. P. 34. She is aided by the fact that files are traditionally organized by subject or chronology ('chron' files), such as all the files of a particular person, independent of subject.").

Defined search strategies are even more appropriate in cases involving electronic data, where the number of documents may be exponentially greater. *See, e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir. 2003); *McPeek*, 202 F.R.D. at 35. *See also* The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 11 (2003) (explaining that "[a] responding party may properly access and identify potentially responsive electronic data and documents by using reasonable selection criteria, such as search terms or samples.").

In the instant case, the Courts finds telling the refusal of defendants to identity even a simple explanation about the search terms used pertaining to its search for the key word "MT201," and whether its searched included variations such as "MT-201" or "MT 201". Whereas plaintiff has produced more than 22,000 documents containing such key word variations, which were collected from numerous employees, defendants have produced just over 6,000 documents. Notably, of those 6,000 plus documents, only 80 have been designated as either received or authored by Executive Officer James Bianco, who was chiefly involved in discussions about MT201 and the decision by defendant to terminate the agreement with plaintiff to collaborate in the development of the drug. The Court finds that this small number of documents clearly suggests that an inadequate search for documents has occurred.

Accordingly, the Court hereby Orders defendant to provide an affidavit to plaintiff and to this Court <u>no later than five business days from the date of this Order</u>, detailing the key words searched in response to plaintiff's request for production, as well as the names of the employees, past or present, in whose files defendants searched, either electronically or in paper form.[1] This affidavit will in no way implicate privileged work product. Defendant is not required to divulge any of its litigation strategies, interviews or other conversations with employees about the litigation, counsel's instructions to the client, or how defendant set up its database that resulted from its internal investigation.

After production and receipt of the affidavit, the parties are strongly urged to meet-and-confer about the appropriateness of the search terms and any other employees whose records should be searched, with the goal of stipulating to an appropriate search strategy that can lay to rest any doubt as to the adequacy of defendant's search.

(2) The clerk shall forward a copy of this Order to all counsel of record.

---

[1] In reaching this conclusion, the Court did not consider the deposition testimony of Peggy Hawkins, as that was improperly raised for the first time in plaintiff's Reply brief.

DATED this 17th day of February, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE